Cite as 2019 Ark. App. 448

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CV-19-466

| | |
|---|---|
| JESSICA ATWOOD AND VINCENT PEAL | **Opinion Delivered:** October 16, 2019 |
| APPELLANTS | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, ELEVENTH DIVISION [NO. 60JV-18-8] |
| V. | |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILD | HONORABLE PATRICIA JAMES, JUDGE |
| APPELLEES | |
| | AFFIRMED |

## RAYMOND R. ABRAMSON, Judge

Jessica Atwood and Vincent Peal appeal the Pulaski County Circuit Court order terminating their parental rights to their child, S.A. (10/30/17). On appeal, they both argue that the circuit court erred by finding it was in the best interest of the child to terminate their parental rights because the Arkansas Department of Human Services (DHS) failed to provide sufficient evidence of adoptability. Peal additionally argues that the circuit court erred by terminating his parental rights because DHS did not offer him any meaningful services. We affirm.

On January 4, 2018, DHS filed a petition for emergency custody and dependency-neglect of S.A. The petition listed Atwood as the mother and Peal as the putative father, and it stated that Peal was incarcerated at the Jefferson County Detention Center. In the

affidavit attached to the petition, DHS alleged that Atwood had been arrested for first-degree terroristic threatening and endangering the welfare of a minor. On the same day the petition was filed, the court entered an ex parte order for emergency custody. On January 10, the court found probable cause for the emergency custody.

On February 15, the court held an adjudication hearing. Both Atwood and Peal were present. The court adjudicated S.A. dependent-neglected based on Atwood's unfitness in that she was "behaving erratically resulting in her arrest, and subsequently [she] has housing instability." The court advised Peal to contact DHS upon his release from jail in order to obtain a DNA test and establish paternity.

The court held a review hearing on June 20. Atwood and Peal did not appear for the hearing. The court found that Atwood "has done nothing" and that based on a DNA test, Peal is the father of the child. The court noted that S.A.'s foster mother testified that she is bonded to the child and that she is interested in being a permanent placement for her.

On December 12, the court held a permanency-planning hearing. Atwood appeared at the hearing, but Peal did not. The court noted that Peal had gone to the DHS office in Jefferson County and had been informed of the date and time of the hearing but that DHS had no other contact with him. The court noted that Atwood was in jail in Pulaski County. The court found that both Atwood and Peal "have done nothing" and that no progress had been made by either parent.

2

On January 28, 2019, DHS filed a petition for termination of Atwood's and Peal's parental rights. DHS alleged the abandonment,[1] aggravated-circumstances,[2] and subsequent-factors[3] grounds against both Atwood and Peal. DHS also alleged the failure-to-remedy ground[4] as it applies to custodial parents against Atwood and the failure-to-remedy ground[5] as it applies to noncustodial parents against Peal.

The case proceeded to a termination hearing on March 6, 2019. Peal did not appear for the hearing. Angela Brown testified that she is an adoption specialist and that she ran a data matching list in this case. She stated that there "a possible 428 resources that meet the characteristics of the minor child" and that the particular characteristics used in this case were "race, age, medical, parental condition."

Atwood testified that she was incarcerated in Pulaski County serving a four-year sentence for a probation revocation. She stated that she had not completed parenting classes, a drug-and-alcohol assessment, or a psychological evaluation. She admitted that she had tested positive for marijuana and cocaine.

Latasha Gause, the family-service-worker supervisor, testified that throughout the case, DHS had referred Atwood for parenting classes, a drug-and-alcohol assessment, and a psychological evaluation. As to Peal, she stated that DHS had referred him for only parenting

---

[1]Ark. Code Ann. § 9-27-341(b)(3)(B)(ix)*(a)(5)*.

[2]*Id*. § 9-27-341(b)(3)(B)(ix)*(a)(3)(A)*.

[3]*Id*. § 9-27-341(b)(3)(B)(vii)*(a)*.

[4]*Id*. § 9-27-341(b)(3)(B)(i)*(a)*.

[5]*Id*. § 9-27-341(b)(3)(B)(i)*(b)*.

classes; she did not know whether DHS made referrals for other services. She testified that Peal informed DHS on June 18, 2018, that he did not want services. She noted, however, that he submitted a DNA sample on May 11, 2018, and that he completed parenting classes on January 29, 2019. She stated that he refused drug screenings on June 18 and December 11, 2018. She explained that DHS last had contact with Peal in December 2018 and that he provided DHS with an address and telephone number. DHS was unable to contact him using that information.

Thereafter, on March 13, 2019, the circuit court entered an order terminating both Atwood's and Peal's parental rights. The court found that all the grounds pled in the petition supported termination and that it was in S.A.'s best interest to terminate Atwood's and Peal's parental rights. The court specifically found that S.A. is adoptable. Thereafter, both Atwood and Peal timely appealed the termination order to this court.

We review termination-of-parental-rights cases de novo but will not reverse the circuit court's ruling unless its findings are clearly erroneous. *Dade v. Ark. Dep't of Human Servs.*, 2016 Ark. App. 443, 503 S.W.3d 96. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Id.* In determining whether a finding is clearly erroneous, we have noted that in matters involving the welfare of young children, we will give great weight to the circuit court's personal observations. *Jackson v. Ark. Dep't of Human Servs.*, 2016 Ark. App. 440, 503 S.W.3d 122.

The termination of parental rights is an extreme remedy and in derogation of the natural rights of the parents. *Fox v. Ark. Dep't of Human Servs.*, 2014 Ark. App. 666, 448

4

S.W.3d 735. As a result, there is a heavy burden placed on the party seeking to terminate the relationship. *Id.* The termination of parental rights is a two-step process that requires the circuit court to find that the parent is unfit and that termination is in the best interest of the child. *T.J. v. Ark. Dep't of Human Servs.*, 329 Ark. 243, 947 S.W.2d 761 (1997); *Smith v. Ark. Dep't of Human Servs.*, 2013 Ark. App. 753, 431 S.W.3d 364. The first step requires proof of one or more of the statutory grounds for termination. Ark. Code Ann. § 9-27-341(b)(3)(B). The second step requires consideration of whether the termination of parental rights is in the child's best interest. Ark. Code Ann. § 9-27-341(b)(3)(A).

On appeal, both Atwood and Peal challenge the circuit court's best-interest finding and argue that DHS presented insufficient evidence of adoptability. They acknowledge that Brown testified that she conducted a data-matching list and that "428 resources" met the characteristic of the minor child. However, they assert that she did not state that the child is adoptable. Atwood further points out that Brown did not define "resource" and did not explain what the results mean.

Adoptability is not an essential element in a termination case; rather, it is merely a factor that must be considered by the circuit court in determining the best interest of the child. *Tucker v. Ark. Dep't of Human Servs.*, 2011 Ark. App. 430, 389 S.W.3d 1; *see also* Ark. Code Ann. § 9-27-341(b)(3). There is no requirement that an adoption specialist testify at the termination hearing or that the process of permanent placement be completed at the time of the termination hearing. *Fortenberry v. Ark. Dep't of Human Servs.*, 2009 Ark. App. 352. Additionally, there is no requirement to prove this factor by clear and convincing

evidence or to identify an exact family that, upon termination, would be willing to adopt the child. *See Reed v. Ark. Dep't of Human Servs.*, 2012 Ark. App. 369, 417 S.W.3d 736.

The Juvenile Code does not require "magic words" or a "specific quantum" of evidence to support a circuit court's finding regarding adoptability. *Sharks v. Ark. Dep't of Human Servs.*, 2016 Ark. App. 435, 502 S.W.3d 569. It merely requires that if an adoptability finding is made, then evidence must exist to support it. *Haynes v. Ark. Dep't of Human Servs.*, 2010 Ark. App. 28. Evidence that adoptive parents have been found is not required, *see McFarland v. Ark. Dep't of Human Servs.*, 91 Ark. App. 323, 210 S.W.3d 143 (2005), and neither is evidence that proves the child will be adopted. *Renfro v. Ark. Dep't of Human Servs.*, 2011 Ark. App. 419, 385 S.W.3d 285.

In this case, even though Brown did not specifically explain the data analysis, in the June 20, 2018 review order, which was admitted into evidence at the termination hearing, the court noted that the child's foster mother testified that she is bonded to the child and that she is interested in being a permanent placement for her. Thus, evidence supports the court's adoptability finding.

Peal additionally argues that the circuit court erred by finding that a statutory ground supported termination because DHS did not provide him additional services beyond parenting classes and a paternity test. He argues that "because the Department failed to offer other meaningful services, the trial court clearly erred in terminat[ing his] parental rights on any of the grounds." However, the circuit court found that the aggravated-circumstances ground supported termination, and we have held that a finding of aggravated circumstances does not require DHS to prove meaningful services toward reunification were provided.

6

*Willis v. Ark. Dep't of Human Servs.*, 2017 Ark. App. 559, 538 S.W.3d 842. Because Peal does not otherwise challenge the evidence supporting the aggravated-circumstances ground, we hold that he has not established reversible error.

Affirmed.

GLADWIN and WHITEAKER, JJ., agree.

*Leah Lanford*, Arkansas Public Defender Commission, for appellant Jessica Atwood.

*Lightle, Raney, Streit & Streit, LLP*, by: *Jonathan R. Streit*, for appellant Vincent Peal.

*Ellen K. Howard*, Office of Chief Counsel, for appellee.

*Chrestman Group, PLLC*, by: *Keith L. Chrestman*, attorney ad litem for minor child.